No. 86-57

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN RE THE MARRIAGE OF

GILLIAN E. HELSEL,

       Petitioner and Appellant,

   and

JEFFREY T. HELSEL,

       Respondent and Respondent.

_____

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Bruce B. Barrett, ASUM Legal Services, Missoula,
Montana

    For Respondent:

        Sol & Wolfe; Michael Sol, Missoula, Montana

_____

Submitted on Briefs: June 20, 1986

Decided: August 26, 1986

Filed: AUG 2 6 1986

<u>Ethel M. Harrison</u>
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Gillian Helsel, wife, filed a petition for dissolution of marriage. Jeff Helsel, husband, filed his response which sought a declaration of invalidity of the marriage. The District Court for the Fourth Judicial District declared the marriage invalid. We reverse and remand for appropriate proceedings to consider the dissolution of marriage.

The issues are:

1. Did the District Court err when it declared the marriage of the parties invalid under § 40-1-402, MCA, on the basis of immaturity of the parties?

2. Did the District Court err in concluding that the parties' marriage was invalid on the basis of fraud?

The parties met on October 20, 1984 and married on January 4, 1985, after obtaining a marriage license in Missoula County. Wife is a Canadian citizen. On June 3, 1985, wife received a temporary visa which enabled her to work in the United States. On August 6, 1985, wife petitioned the District Court for a dissolution of marriage. Husband filed his response which sought a declaration of invalidity of the marriage. The District Court granted the declaration of invalidity. Wife appealed.

I

Did the District Court err when it declared the marriage of the parties invalid under § 40-1-402, MCA, on the basis of immaturity of the parties?

Section 40-1-402(1)(a), MCA, provides:

> (1) The district court shall enter its decree
> declaring the invalidity of a marriage entered into
> under the following circumstances:
> (a) a party lacked capacity to consent to the
> marriage at the time the marriage was entered into,

2

either because of mental incapacity or infirmity or because of the influence of alcohol, drugs, or other incapacitating substances, or a party was induced to enter into a marriage by force or duress or by fraud involving the essentials of marriage;

. . .

In the case at hand, the District Court concluded:

6. The Court concludes that the parties were sufficiently immature to not understand the implications of entering into the marital relationship . . .

7. The Court concludes that the parties were unable to sufficiently understand their own relationship with one another, and were incapable of understanding the nature of the marital relationship they entered into. They both expressed what amounts to complete misunderstandings of each other the realization of which seemed to begin on the first day of the marital relationship.

. . .

9. The marriage of the parties never contained the essentials of a marital relationship.

As § 40-1-402(1)(a), MCA, states, a declaration of invalidity can be entered if a party lacked the capacity to consent to the marriage because of mental incapacity or infirmity. Neither the findings of fact nor the conclusions of law demonstrate a determination that either party lacked the capacity to consent to their marriage. Immaturity of the parties and misunderstandings between the parties in and of themselves do not establish the absence of capacity to consent to the marriage. We approve the statement in the Uniform Marriage and Divorce Act Commissioner's Notes:

Courts construing the "lacks capacity to consent" language of Subsection (a)(1) [(1)(a)] will undoubtedly continue to apply existing stringent standards by holding that a declaration of invalidity is appropriate only if the petitioner offers clear and definite evidence that one of the spouses lacked "sufficient mental capacity to understand intelligently the marriage contract . . . and the

3

obligations it imposed upon him." [citing Ertel v. Ertel (Ill. 1942), 40 N.E.2d 85].

Uniform Marriage and Divorce Act Commissioner's Notes, § 208.

We hold that the District Court erred when it declared the marriage of the parties invalid under § 40-1-402, MCA, on the basis of immaturity of the parties.

II

Did the District Court err in concluding that the parties' marriage was invalid on the basis of fraud?

In the findings of fact, the District Court stated:

4. Respondent testified that the loving relationship he thought they had disappeared the first day of marriage, and their marriage was punctuated by fights, and representations by the Petitioner that they should each live their own lives, and pursue their own activities.

5. Respondent signed a Petition to get his wife a green card, and stated that as soon as she received it, she threw him out of their apartment.

6. Respondent testified that he does not feel a legitimate marital relationship existed.

None of the findings of fact demonstrate that fraud induced the marriage or that there was fraud involving the essentials of the marriage as required by § 40-1-402(1)(a), MCA. The District Court did not reach a legal conclusion regarding fraud. In addition, the record does not show that fraud was present. We conclude there is no basis to declare the marriage invalid for fraud.

We therefore reverse the decision of the District Court and remand for further proceedings consistent with this opinion.

_____
Justice

We Concur:

4

_John C. Sheehy_

_Frank B. Morrison_

_L. C. Gulbrandson_

_William E. Hunt_
Justices